

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2007

# Salley v. Option One Mtg Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Salley v. Option One Mtg Corp" (2007). *2007 Decisions.* Paper 603.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/603

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4241
_____

WILL SALLEY, JR.,
                              Appellant

v.

OPTION ONE MORTGAGE CORP.; CIT GROUP;
JOHN DOE TRUSTEE; JOHN DOE TRUST;
JOHN DOE #'S 1-100

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cv-02227)
District Judge: Honorable Eduardo C. Robreno

_____

Argued: September 26, 2005
_____

Before: RENDELL, FUENTES, and GARTH, Circuit Judges

(Filed: August 9, 2007)

Brian R. Mildenberg [Argued]
Sherri Braunstein
Carol E. Kravitz-Verlin
Mildenberg and Stalbaum, P.C.
1845 Walnut Street, 22nd Floor
Philadelphia, PA 19103

*Counsel for Appellant*

Alan C. Gershenson [Argued]
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
          *Counsel for Appellee Option One Mortgage Corp.*

Mark S. Melodia
James C. Martin
Donna M. Doblick
Colin E. Wrabley
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
          *Counsel for Appellee Option One Mortgage Corp.*

_____

OPINION OF THE COURT

_____

GARTH, <u>Circuit</u> <u>Judge</u>.

In 2004, plaintiff-appellant Will Salley, Jr. brought an action against the defendant-appellees (hereinafter collectively "Option One") alleging that the arbitration agreement into which he entered with Option One was unconscionable and unenforceable. We heard oral argument in this appeal in September 2005 and then unanimously voted to petition the Pennsylvania Supreme Court to accept certification of a question of Pennsylvania law.[1] *See*

---

[1]Our Court's Local Rule 110.1, "Certification of Questions of State Law," provides:

2

*Salley v. Option One Mortgage Corp., et al.*, No. 04-4241, 2005 WL 3724871 (3d Cir. Oct. 20, 2005). Thereafter, the Pennsylvania Supreme Court accepted certification of our petition and on May 31, 2007 rendered its opinion. *See Salley v. Option One Mortgage Corp., et al*, 925 A.2d 115 (Pa. 2007). That Court answered the question which we had certified and returned Salley's appeal to us. Having received an answer to the question we certified, we will affirm the order of the District Court dismissing Salley's complaint without prejudice.

## I.

The material facts here are uncontested, and we summarize them briefly. Salley is a low-income homeowner in Philadelphia County, Pennsylvania, who applied for and received a residential mortgage loan from Option One,[2] a sub-prime lender. As part of this

> When the procedures of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, sua sponte or on motion of a party, may certify such a question to the state court in accordance with the procedures of that court, and will stay the case in this court to await the state court's decision whether to accept the question certified. The certification will be made after the briefs are filed in this court. A motion for certification shall be included in the moving party's brief.

3d Cir. L.A.R. 110.1 (2002). *See also* 210 Pa. Code § 63.10 (2007) for certification of a question arising under the laws of Pennsylvania.

[2]Option One is a California corporation with its principal place of business outside of Pennsylvania. Salley is a Pennsylvania resident. The real property that is collateral for the Option One-Salley loan is in Pennsylvania. The District Court's jurisdiction was based on 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary. *See Medtronic AVE, Inc., v. Advanced Cardiovascular Systems,*

transaction, the parties entered into an Agreement for the Arbitration of Disputes ("Agreement"). The Agreement required that at either party's request any dispute would be subject to binding arbitration, but excepted from that arbitration requirement certain creditor remedies. The "Exceptions" provision provided in part:

> The following are not disputes subject to this Agreement: (1) any judicial or non-judicial foreclosure proceeding against any real or personal property that serves as collateral for the loan, whether by the exercise of any power of sale under any deed of trust, mortgage, other security agreement or instrument or under applicable law, (2) the exercise of any self-help remedies (including repossession and setoff rights) and (3) provisional or ancillary remedies with respect to the loan or any collateral for the loan such as injunctive relief, sequestration, attachment, replevin or garnishment, the enforcement of any assignment of rents provision in any loan documents, the obtaining of possession of any real property collateral for the loan by an action for unlawful retainer or the appointment of a receiver by a court having jurisdiction.

(Agreement at 2.)

On May 21, 2004, Salley filed a complaint against Option One in the United States District Court for the Eastern District of Pennsylvania. Salley alleged predatory lending practices and mortgage law violations under various federal and state consumer protection statutes.[3] Option One filed a motion to dismiss or stay the action pending arbitration. In response, Salley argued that the Agreement was substantively unconscionable, and thus unenforceable, because it provided for a judicial forum for foreclosure and certain other

_____

*Inc.*, 247 F.3d 44, 53 (3d Cir. 2001).

[3]The complaint and the opinion of the Pennsylvania Supreme Court detail many of Salley's allegations, which include, *inter alia*, "bait and switch" tactics; the failure of Option One to deliver funds at closing; the failure of Option One to pay the mortgage at closing; etc.

creditor remedies while requiring that all claims the borrower might wish to assert against the lender be resolved through arbitration.[4]

A then-recent decision issued by the Pennsylvania Superior Court provided support for Salley's argument. In *Lytle v. CitiFinancial Serv., Inc.*, 810 A.2d 643 (Pa. Super. Ct. 2002), the Superior Court held that:

> under Pennsylvania law, the reservation by [the lender] of access to the courts for itself to the exclusion of the consumer creates a presumption of unconscionability, which in the absence of 'business realities' that *compel* inclusion of such a provision in an arbitration provision, renders the arbitration provision unconscionable and unenforceable under Pennsylvania law.

*Id.* at 665. However, this holding conflicted with an earlier decision of this court in *Harris v. Green Tree Fin. Corp.*, 183 F.3d 179 (3d Cir. 1999). Predicting Pennsylvania law, we held in *Harris* that "the mere fact that [the lender] retains the option to litigate some issues in court, while [the individual homeowner] must arbitrate all claims does not make the

---

[4]In the District Court, Option One offered to pay the costs of arbitration, even though the Agreement provided that if a dispute went to arbitration, each party would bear its own costs and expenses including attorneys' fees. As we discussed in the Petition for Certification of Question of Law, this offer satisfied the District Court that the Agreement was not unconscionable because the cost of arbitration might be prohibitively expensive. Salley did not raise this issue in his appellate brief, thereby waiving it on appeal. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993) (noting that absent extraordinary circumstances, an issue not set forth in the statement of issues or the argument section of an appellate brief is waived).

The majority of the Pennsylvania Supreme Court did not consider this issue, although it discussed the fee-shifting provision in the similar certification petition decided by the New Jersey Supreme Court in *Delta Funding Corp. v. Harris*, 912 A.2d 104 (N.J. 2006). *See Salley*, 925 A.2d at 127. Madame Justice Baldwin, who dissented from the Pennsylvania Supreme Court's decision, would not have considered our court's waiver determination as controlling.

arbitration agreement unenforceable." *Id.* at 183.

Faced with conflicting holdings of *Harris* from our Court and of *Lytle* from the intermediate state court, the District Court followed *Harris* as the controlling authority on Pennsylvania law with respect to the unconscionability determination. On September 29, 2004, the District Court granted Option One's motion and dismissed all claims without prejudice. Salley appealed, urging this Court to revisit our holding in *Harris* in light of *Lytle*.

Noting the "substantial confusion and inconsistent results among the lower federal courts" due to the uncertainty over whether *Harris* or *Lytle* correctly stated Pennsylvania law, *Salley*, 2005 WL 3724871, at *3, we petitioned for certification of this question of law to the Pennsylvania Supreme Court. *See* 3d Cir. L.A.R. 110.1 (2002), *supra* note 1. The question we certified asked:

> Whether the arbitration agreement under consideration in this case, which exempts from binding arbitration certain creditor remedies, while requiring the submission of other claims to arbitration, is unconscionable under Pennsylvania law, as suggested by *Lytle v. CitiFinancial Serv., Inc.*, 810 A.2d 643 ([Pa. Super.] 2002) (one-sided agreement presumptively unconscionable) (*contra Harris v. Green Tree Fin. Corp.*, 183 F.3d 173 (3d Cir. 1999), and is therefore unenforceable?

*Salley*, 2005 WL 3724871, at *3.[5] The Pennsylvania Supreme Court issued its decision on May 31, 2007.[6]

---

[5]Our petition for certification is not reported in the Federal Reporter, third series.

[6]After the filing of the Pennsylvania Supreme Court's opinion, we instructed counsel to file supplemental statements commenting on that opinion. We received a supplemental statement from Option One, but no statement from Salley's counsel.

II.

We briefly summarize the analysis and conclusions of the Pennsylvania Supreme Court.

That Court began by noting that the Agreement is subject to the Federal Arbitration Act ("FAA"), which "expresses a liberal federal policy favoring arbitration agreements." *Id.* at 118. *See* 9 U.S.C. § 2. Although the FAA provides that a written provision to settle contract disputes through arbitration is "valid, irrevocable, and enforceable," 9 U.S.C. § 2, the Court emphasized that under the FAA, "generally applicable state-law contract defenses, such as fraud, duress, or unconscionability, still may be applied to invalidate arbitration agreements." *Salley*, 925 A.2d at 119.

The Pennsylvania Supreme Court explained that according to Pennsylvania law, a contract or term is unconscionable, and thus unenforceable, where there is both "a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it." *Id.* That is, there must be both procedural and substantive unconscionability for the defense to apply. The burden to show unconscionability is on the party challenging the agreement.

The Pennsylvania Supreme Court went on to remark that having a court make a threshold unconscionability determination in all cases would thwart Congress's purpose to facilitate a just and speedy alternative forum to resolve disputes. To that end, the Pennsylvania Supreme Court noted that the Supreme Court has held that if the challenge is to the validity of the contract as a whole, it must be presented to the arbitrator, and only when

7

the challenge is directed solely to the arbitration component itself can a court consider the challenge in the first instance. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406 (1967); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, ___, 126 S. Ct. 1204, 1209 (2006).

Turning to the allegation of unconscionability in this case, the Court stated that there did appear to be "a substantial level of procedural unconscionability present in the sub-prime lending industry" and that the "[p]rocedural unconscionability would be particularly high in the present case if various of the facts asserted by Mr. Salley, such as lender non-disclosure and dishonesty in the application and settlement process, are true." *Salley*, 925 A.2d at 128.[7]

Nevertheless, the Pennsylvania Supreme Court held that the reservation of foreclosure and other *in rem* remedies does not, as a matter of law, render the Agreement substantively unconscionable. *Id.* That court explained that "there is a facially apparent business justification for such an exception, as the safeguards thereby preserved assure regularity and consistency for the benefit of both lender and borrower, and accordingly, there are sound pragmatic and policy reasons why foreclosure proceedings should be pursued in a court of law." *Id.* As such, this exception did not unreasonably favor the party asserting it. The court did note, however, that a party may bring evidence tending to show that a lender used an

---

[7]The Pennsylvania Supreme Court noted in a footnote, however, that in light of the Supreme Court precedent regarding the appropriate forum to hear a challenge to an arbitration clause or agreement, it is "questionable whether the facts asserted by Mr. Salley concerning the application and settlement process could be considered in a court's initial assessment concerning the arbitration agreement, since they are substantially intertwined with the merits of the underlying dispute." *Id.* at 128 n.16.

8

exception such as the one here as a tool of predatory lending, but that "such evidence goes beyond a mere challenge to the foreclosure reservation or the arbitration agreement itself, but also subsumes aspects of the underlying asserted consumer lending violations." *Id.* at 128-29.

The Pennsylvania Supreme Court concluded that while "*Lytle* was well intentioned in its effort to guard against pernicious lending practices, . . . it swept too broadly. Under Pennsylvania law, . . . there is *no presumption of unconscionability* associated with an arbitration agreement merely on the basis that the agreement reserves judicial remedies associated with foreclosure." *Id.* at 129 (emphasis added). The Court therefore held that "the exception from mandatory arbitration for foreclosure contained within the Option-One/Salley arbitration agreement, in and of itself, does not render the agreement presumptively unconscionable under Pennsylvania law." *Id.* Having answered the certified question, the Court returned the case to our court and relinquished jurisdiction.

The Pennsylvania Supreme Court having determined that *Harris*, rather than *Lytle*, most accurately states the Pennsylvania law on this matter, we will affirm the order of the District Court to dismiss Salley's complaint without prejudice pending arbitration.

_____